# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONALD WAYNE BEALL,

    *Plaintiff,*

vs.

JAMES BENEDETTI, *et al.*

    *Defendants.*

2:09-cv-02307-KJD-PAL

ORDER

    This prisoner civil action comes before the Court on a letter to the Clerk that has been docketed as a motion (#15) to set aside the order and judgment of dismissal. The paper was mailed for filing within the 28-day time period for seeking relief under Rule 59 of the Federal Rules of Civil Procedure.

    On April 12, 2010, the Court dismissed this action without prejudice for failure to comply with the order of the Court and for lack of prosecution. Following a transfer of this action to this Court, it remained unclear whether plaintiff was seeking to pursue a civil rights complaint, a habeas petition, or both. The Court informed plaintiff in a February 1, 2010, order that he could not combine the two different types of civil action within a single action. The order directed petitioner to elect within thirty days to either: (a) pursue a civil rights action by filing an amended civil rights complaint and paying the remaining $345.00 filing fee due for such an action; or (b) pursue a habeas petition by filing an amended habeas petition. Petitioner sent two letters to the Court but thereafter took no action in this matter. He filed a

habeas petition in a separate action. He did not file an amended civil rights complaint in this matter to exercise an election to pursue the present matter as a civil rights action. He did not pay the remainder due on the filing fee for such an action or apply to proceed *in forma pauperis*. He did not file a motion for an extension of time to comply with the deadline established by the February 1, 2010, order. See ## 10 & 13. The Court accordingly dismissed the action without prejudice.

In the letter to the Clerk, plaintiff does not contest that he did not pay the remaining filing fee due for a civil rights action, that he did not seek pauper status in response to the order, and that he did not file an amended complaint exercising an election to pursue the matter as a civil rights action. He instead states that "[i]n the future, I Ronald Wayne Beall, wishes [sic] to pay the remaining amount in this civil matter of $345.00 and get this case started up with your court again if you still have my case on record." He further states, however, that he wishes "to set aside this civil case" to pursue a pending state court petition.

Plaintiff has not presented grounds warranting setting aside the prior judgment and reopening this matter. The action was properly dismissed after plaintiff failed to timely respond to the prior order and took no action to pursue this case. Moreover, there is no provision for staying a civil rights action calling into question the validity of a state court judgment of conviction. Beall was convicted, pursuant to a guilty plea, of first degree murder on April 10, 1992. This Court has previously dismissed a federal habeas petition seeking to challenge Beall's conviction and/or sentence as untimely; and the Court additionally has dismissed two similar civil rights actions filed by Beall in this District -- both on the basis that Beall could not proceed via a civil rights action unless the conviction or sentence first was overturned and on the basis that the civil rights actions in any event were untimely. Reopening this matter for plaintiff to "in the future" pay the filing fee and then request a stay of a matter that instead should be dismissed would be a vain and useless act.

Finally, plaintiff may not seek relief merely by addressing a letter to the Clerk. All requests for relief from the Court instead must be made by a motion that complies with Rule 7(b) of the Federal Rules of Civil Procedure.

1    IT THEREFORE IS ORDERED that the letter docketed as a motion (#15) to set aside
2 is DENIED.
3    This action has been and remains closed.
4    DATED:    May 4, 2010

_____
KENT J. DAWSON
United States District Judge